**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     1:18-cv-02412-NRN

**RUTH MARK**,

Individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

**O.P.E.N. AMERICA, INC. d/b/a OPENWORKS**,

    Defendant.

## DEFENDANT'S MOTION TO STAY LITIGATION

O.P.E.N. America, Inc. d/b/a/ OpenWorks ("OpenWorks") respectfully requests that this Court stay the above-captioned litigation pending a determination by the United States District Court for the District of Arizona on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding. OpenWorks filed its Petition to Compel Arbitration against Plaintiff in the United States District Court for the District of Arizona on November 5, 2018 before it filed this Motion to Stay Litigation.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.L.CivR 7.1(a), on November 5, 2018, counsel for OpenWorks, William L. Thorpe, conferred via telephone with counsel for Plaintiff Ruth Mark, David Seligman, regarding OpenWorks's desire to stay this litigation to allow the dispute to go to arbitration. Mr. Seligman confirmed that he does not consent to such a stay.

## INTRODUCTION

This litigation arises out of Plaintiff's purchase of a franchise from OpenWorks on September 12, 2016. In connection with Plaintiff's purchase of the franchise, Plaintiff executed an OpenWorks Janitorial Franchise Agreement (the "Agreement"), which included a binding arbitration provision requiring arbitration in Phoenix, Arizona. The arbitration provision is explicit and broadly applies to any dispute or claim arising out of or in connection with the Agreement.

In this lawsuit, Plaintiff claims that (a) the Agreement notwithstanding, OpenWorks misclassified her as an independent franchisee rather than as an employee, (b) because she was an employee, Openworks violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and Colorado's Minimum Wage and Overtime Law, Colo. Rev. Stat. § 8-6-101 *et seq.* (the "CWA") by failing to pay a proper minimum wage or overtime, (c) OpenWorks fraudulently induced her to enter into the Agreement, (d) Open Works negligently provided information to her in connection with the execution of the Agreement, and (e) OpenWorks breached the implied covenant of good faith and fair dealing in the performance of, or failure to perform, one or more of its obligations under the Agreement. Plaintiff's claims, however, arise out of and are in connection with the Agreement. Plaintiff unequivocally agreed to arbitrate such claims in Phoenix, Arizona when she executed the Agreement.

Accordingly, OpenWorks filed a Petition to Compel Arbitration against Plaintiff in the United States District Court for the District of Arizona (the "Arizona District Court") on November 5, 2018. Consequently, this Court must stay this litigation pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.

2

## FACTUAL BACKGROUND

### A. The Complaint's Allegations.

OpenWorks is an Arizona corporation with its principal place of business in Phoenix, Arizona. Complaint at ¶ 15. As Plaintiff alleges, OpenWorks is a franchisor with whom she entered into the Agreement pursuant to which she operated a commercial janitorial business. *See* Complaint at ¶¶ 1, 17, 23, 116. Plaintiff paid to OpenWorks an initial fee, administrative fees, and other expenses required of OpenWorks franchisees. *See* Complaint at ¶¶ 20-21, 27-28.

Plaintiff operated her OpenWorks franchised business from December 2016 to November 2017. Complaint at ¶¶ 17, 33. Plaintiff alleges that OpenWorks misclassified her as an independent franchisee instead of as an employee. *See* Complaint at ¶¶ 36, 100. According to Plaintiff, she was an employee of OpenWorks and, therefore, was engaged in interstate commerce. Complaint at ¶ 102. Further, Plaintiff alleges, OpenWorks was required to pay her minimum wage and overtime pursuant to the FLSA and the CWA. Complaint at ¶ 103.

In addition to her FLSA and CWA claims, Plaintiff asserts numerous other claims that arise out of or are connected to the Agreement. Plaintiff claims that OpenWorks fraudulently induced her to enter into the Agreement. Complaint at ¶¶ 3, 60-65, 111-112, 115-118. Plaintiff also claims that OpenWorks made negligent misrepresentations to her in connection with her becoming an OpenWorks franchisee. Complaint at ¶¶ 120–121. Finally, Plaintiff claims that OpenWorks breached the covenant of good faith and fair dealing implied in every contract under Arizona law. Complaint at ¶¶ 124-125. The Agreement is the only contract that is the subject of Plaintiff's Complaint.

Clearly, Plaintiff's claims asserted in this litigation arise out of and/or are connected with

the Agreement. None of them would exist absent the Agreement. As discussed more fully below, each of these claims is subject to arbitration.

### B. Plaintiff's Franchise Agreement and Plaintiff's Agreement to Arbitrate Claims Against OpenWorks.

OpenWorks is an Arizona corporation with its principal place of business located in Phoenix, Arizona. Declaration of Katrina Hughes ("Hughes Declaration") at ¶ 4.[1] Its business is to license the OpenWorks name, trademark, and standardized business operations to independent franchisees in exchange for a franchise fee. *Id.* OpenWorks does not own or operate any of the OpenWorks branded commercial janitorial business. *Id.* Nor does OpenWorks control the day-to-day operations of any of its franchisees. *Id.* Instead, independent franchisees own and operate each OpenWorks franchised janitorial services businesses that offers commercial janitorial services to OpenWorks's clients. *Id.* Specifically, OpenWorks enters into janitorial service contracts with commercial clients. Hughes Declaration at ¶ 5. These accounts may then be packaged with other similar contracts to culminate at one of seven (7) levels of a gross monthly dollar amount (the "initial monthly account volume") and assigned to OpenWorks franchisees. *Id.* OpenWorks bills each client on a monthly basis and, after deducting fees and charges owed by a franchisee to OpenWorks under the franchise agreement, remits to the franchise the balance of the gross monthly dollar amount for the franchise package purchased. *Id.*

Plaintiff entered into the Agreement on September 12, 2016. *See* Hughes Declaration at ¶ 7; Exhibit 1. The Agreement allowed Plaintiff to independently own and operate an OpenWorks franchised commercial janitorial services business. *Id.* OpenWorks does not own or operate and

---

[1] The Hughes Declaration is attached hereto as **Exhibit A**.

4

has never owned or operated Plaintiff's commercial janitorial services business nor has it ever controlled Plaintiff's day-to-day operations. *Id.* OpenWorks has never hired, employed or supervised Plaintiff or any of her/its employees. *Id.*

Prior to becoming an OpenWorks franchisee, Plaintiff received OpenWorks's Uniform Franchise Disclosure Document (the "FDD"). Hughes Declaration at ¶ 8, Exhibit 2, Exhibit 1 at p. 39. At the very beginning of the FDD, it advised Plaintiff up front, conspicuously, and in capital letters, that the Agreement requires arbitration of disputes:

> Please consider the following RISK FACTORS before you buy this franchise:
>
> 1. THE FRANCHISE AGREEMENT REQUIRES YOU TO RESOLVE DISPUTES WITH US BY ARBITRATION ONLY IN ARIZONA. OUT-OF-STATE ARBITRATION MAY FORCE YOU TO ACCEPT A LESS FAVORABLE SETTLEMENT FOR DISPUTES. IT MAY ALSO COST YOU MORE TO ARBITRATE WITH US IN ARIZONA THAN IN YOUR OWN STATE . . .

*See* Hughes Declaration, Exhibit 2 at p. ii. Consequently, when Plaintiff executed the Agreement she agreed, among other things, to arbitrate any dispute or claim arising out of or connected with the Agreement. In this regard, the Agreement provided clearly and expressly:

> 11.8    Arbitration. Any dispute or claim (a "Claim") arising out of or in connection with this Agreement shall be resolved by arbitration . . . The arbitration shall be held where our principal place of business is located, currently the City of Phoenix, Arizona, governed by the United States Arbitration Act, 9 U.S.C. § 1-16, and conducted by one or more independent arbitrators who are experienced in franchise matters and have no past or present with either party . . . Any Claims shall be decided on an individual and not a class-wide basis.

Hughes Declaration, Exhibit 1 at § 11.8. Thus, Plaintiff agreed to arbitrate *any* "Claim" arising out of or in connection with the Agreement. As discussed more fully below, the breadth of this provision creates a presumption of arbitrability which encompasses even collateral matters to the

5

extent they implicate issues of contract construction or the parties' rights and obligations under the Agreement.

On January 18, 2017, Plaintiff assigned all of her right, title, and interest as an OpenWorks franchisee under the Agreement to Ruth, LLC, a Colorado limited liability company. Hughes Declaration, Exhibit 3. Despite this assignment, Plaintiff remains fully obligated under the Agreement. Hughes Declaration, Exhibit 3 at p. 2.

### C. **OpenWorks Filed a Petition to Compel Arbitration against Plaintiff in the Arizona District Court**.

On November 5, 2018, before filing this Motion, OpenWorks filed a Petition to Compel Arbitration against Plaintiff in the Arizona District Court.[2] Through the Petition, OpenWorks requests that the Arizona District Court compel Plaintiff to arbitrate her claims in Phoenix, Arizona as required by the Agreement.

### ARGUMENT

This Court should stay these proceedings pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding. *Ansari v. Qwest Communs. Corp.*, 414 F.3d 1214, 1215-1220 (10th Cir. 2005); *Roe v. Gray*, 165 F. Supp. 2d 1164, 1174 (D. Colo. 2001).

In *Roe*, the plaintiff entered into a Membership Agreement with AFCA, a membership organization which purported to help financially troubled Americans. *Roe*, 165 F. Supp. 2d at 1165. The Membership Agreement included an arbitration provision requiring all claims to be arbitrated in the state where the plaintiff lived. *Id.* at 1166. The plaintiff lived in North Carolina.

---

[2] The Petition to Compel Arbitration against Plaintiff is attached hereto as **Exhibit B**.

*Id*. The plaintiff filed a complaint in the United States District Court for the District of Colorado (the "Colorado District Court") seeking class certification and relief for tens of thousands of individuals who, like him, were allegedly victims of a credit repair scheme perpetrated by the AFCA. *Id*. at 1167. AFCA filed a Petition for an Order to Compel Arbitration in the Eastern District of North Carolina (the "North Carolina District Court") and moved for a stay of the Colorado District Court proceedings pending (1) the resolution of the Petition filed in the North Carolina District Court; and (2) resolution of Plaintiff's claims on the merits in arbitration. *Id*. at 1168. Plaintiff argued that the Colorado District Court should not stay the proceedings because his claims were not referable to arbitration and that the determination of arbitrability was within the purview of the Colorado District Court because, under the "first-to-file" rule, the Colorado Court had jurisdiction over the case. *Id*. AFCA argued that, because the arbitration provision required the arbitration to take place in North Carolina, the North Carolina District Court must determine the arbitrability of Plaintiff's claims. *Id*.

The Colorado District Court agreed with AFCA and stayed the proceedings. *Id*. at 1174. In doing so, the court noted:

> In general, under the first-to-file rule, a court which first acquired jurisdiction should be the one to try the lawsuit. However, if I do not have the power to compel arbitration in North Carolina, as the Arbitration Agreement contemplates, AFCA [] could not receive the relief they are seeking if they had filed their motion to compel here. AFCA [] argue[]s that under the FAA, only the district where arbitration will take place has the power to compel arbitration and, therefore, it was proper for them to file their petition to compel arbitration in North Carolina. Plaintiff argues that any court which has subject matter jurisdiction may compel arbitration to take place even in another district and, therefore, this court could compel arbitration to take place in North Carolina.

*Id*. at 1168 (internal quotations and citation omitted). After surveying the relevant law, the

Colorado District Court adopted the "view followed by a majority of courts" and concluded, "if an arbitration agreement contains a forum selection clause, only the district in that forum can issue a[] order compelling arbitration." *Id*. at 1171, 1173. Thus, the court held:

> Here, the AFCA Arbitration Agreement specifies that arbitration will take place in North Carolina but I do not have the power to compel arbitration in North Carolina. Because I lack such power and because the arbitration agreement specifically identifies North Carolina as the location for arbitration, AFCA [] properly filed a motion to compel in that district instead of here. Additionally, because the Eastern District of North Carolina will decide whether to grant the motion to compel arbitration, it should also decide the issue of arbitrability.

*Id*. at 1173. Accordingly, under the principle of comity, the Colorado District Court granted a stay pending the North Carolina District Court's decision regarding the petition to compel arbitration and any possible arbitration. *Id*. at 1174.

Importantly, the Tenth Circuit Court of Appeals subsequently confirmed *Roe's* holding that a district court lacks the power to compel arbitration in another district and therefore a stay of proceedings is required pending the outcome of arbitration. *Ansari*, 414 F.3d 1214, 1215-1220. Specifically, in *Ansari*, the defendant filed a motion to compel arbitration requesting that the Colorado District Court compel Plaintiff's claims to be referred to arbitration based on an arbitration provision in the operative contract. *Id*. at 1216. The arbitration provision, however, required the arbitration to be held in Washington, D.C. *Id*. The magistrate judge recommended that the Colorado District Court adopt the position "that, if an arbitration agreement contains a forum selection clause only the district court in that forum can issue an order compelling arbitration . . . ." *Id*. The magistrate judge further recommended that the district court stay proceedings pending a determination in the District of Columbia whether some or all of plaintiff's claims are arbitrable. *Id*.

8

Reviewing *de novo*, the district court adopted the magistrate judge's recommendation. *Id*. In doing so, the Colorado District Court denied the petition to compel arbitration, ordered that any arguments regarding arbitrability of the plaintiff's claims be decided in the District of Columbia, and stayed the action pending the determination by the District of Columbia on the arbitrability of the claims and the outcome of any arbitration proceeding. *Id*.

The defendant appealed, arguing that the Colorado District Court erred in failing to consider the merits of its petition to compel arbitration. *Id*. at 1218. The Tenth Circuit Court of Appeals, however, affirmed the order of the Colorado District Court. *Id*. at 1221. Specifically, the Court agreed with the "majority view" in holding that "where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration . . . ." *Id*. at 1219. "In other words, a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration." *Id*. Thus, according to the Court, the stay pending the determination in the District of Columbia whether some or all of plaintiff's claims were arbitrable was appropriate and affirmed. *Id*. at 1221.

Here, the provision in the Agreement mandating arbitration requires arbitration to take place in Phoenix, Arizona. *See* Hughes Declaration, Exhibit 1 at § 11.8. As discussed in *Ansari* and *Roe*, the Colorado District lacks the power to compel arbitration in Arizona. Therefore, OpenWorks appropriately filed its Petition to Compel Arbitration against Plaintiff in the Arizona District Court, and the present proceedings should be stayed pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.

9

## **CONCLUSION**

For the foregoing reasons, OpenWorks respectfully requests that this Court grant its motion to stay this litigation pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.

Dated this 5th day of November, 2018.

                                        Respectfully Submitted,

                                        MESSNER REEVES LLP

                                        */s/ Michelle Harden*
                                        Michelle Harden (CO Bar #36682)
                                        MESSNER REEVES LLP
                                        1430 Wynkoop Street
                                        Suite 300
                                        Denver, Colorado 80202
                                        Tel: (303) 632-1800
                                        mharden@messner.com

                                        Andrea Marconi (AZ Bar #022577)
                                        William L. Thorpe (*pro hac vice* to be submitted)
                                        THORPE SHWER, P.C.
                                        3200 North Central Avenue
                                        Suite 1560
                                        Phoenix, Arizona 85012
                                        Tel: (602) 682-6104
                                        amarconi@thorpeshwer.com
                                        wthorpe@thorpeshwer.com

                                        ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, I electronically filed and served the foregoing **DEFENDANT'S MOTION TO STAY LITIGATION** via the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michelle Harden*
Michelle Harden