**EXHIBIT B**

**THORPE SHWER, P.C.**
William L. Thorpe (No. 005641)
André H. Merrett (No. 020889)
Kristin Paiva (No. 026338)
Nicole M. Stewart (No. 032500)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: wthorpe@thorpeshwer.com
Email: amerrett@thorpeshwer.com
Email: kpaiva@thorpeshwer.com
Email: nstewart@thorpeshwer.com

*Attorneys for Petitioner*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.P.E.N. AMERICA, INC., d/b/a OPENWORKS,<br><br>    Petitioner,<br><br>v.<br><br>RUTH, LLC, a Colorado limited liability company; and RUTH MARK, an individual,<br><br>    Respondents. | NO.<br><br>**PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4** |

Petitioner O.P.E.N. America, Inc., d/b/a OpenWorks ("OpenWorks"), by and through undersigned counsel, brings this Petition pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), to compel the arbitration of all claims of Respondents Ruth, LLC (the "Company") and/or Ruth Mark ("Ms. Mark") in accordance with the

arbitration provision in Respondents' OpenWorks Janitorial Franchise Agreement (the "Agreement"). In support of this Petition, OpenWorks states and alleges as follows:

1. OpenWorks is an Arizona corporation with its principal place of business located in Phoenix, Arizona. Declaration of Katrina Hughes (the "Hughes Declaration"), attached hereto as **Exhibit A** at ¶4.

2. Ms. Mark is an individual who resides in the State of Colorado.

3. The Company is a Colorado limited liability company with its principal place of business located in Denver, Colorado.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims underlying this petition arise under the Constitution, laws, or treaties of the United States, and this Court would have jurisdiction in a civil action of the subject matter of this suit even if no written agreement for arbitration existed between the parties.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because there is no other district in which this action may otherwise be brought, and Respondents are subject to the Court's personal jurisdiction with respect to this action. Finally, venue is proper in this Court because the written arbitration agreement at issue herein provides for binding arbitration in Phoenix, Arizona.

6. OpenWorks's business is to license the OpenWorks name, trademark, and standardized business operations to independent franchisees in exchange for a franchise fee. Hughes Declaration at ¶ 4.

7. OpenWorks does not own or operate any of the OpenWorks branded commercial janitorial business. Nor does OpenWorks control the day-to-day operations of any of its franchisees. *Id.*

8. OpenWorks's independent franchisees own and operate each OpenWorks franchised janitorial services business that offers commercial janitorial services to OpenWorks's clients. *Id.*

9. OpenWorks enters into janitorial service contracts with commercial clients.

2

These accounts may then be packaged with other similar contracts to culminate at one of seven (7) levels of a gross monthly dollar amount (the "initial monthly account volume") and assigned to OpenWorks franchisees. *Id. at ¶ 5.*

10. OpenWorks bills each client on a monthly basis and, after deducting fees and charges owed by a franchisee to OpenWorks under the franchise agreement, remits to the franchise the balance of the gross monthly dollar amount for the franchise package purchased. *Id.*

11. Ms. Ruth entered into the Agreement on September 12, 2016. A true and correct copy of the Agreement is attached to the Hughes Declaration as Exhibit 1.

12. As an OpenWorks franchisee, Ms. Ruth was allowed to independently own and operate an OpenWorks franchised commercial janitorial services business.

13. OpenWorks does not own or operate and has never owned or operated Respondents' commercial janitorial services business nor has it ever controlled Respondents' day-to-day operations.

14. OpenWorks has never hired, employed or supervised Ms. Ruth or the Company or any of their employees.

15. Before becoming an OpenWorks franchisee, Ms. Ruth received OpenWorks's Uniform Franchise Disclosure Document (the "FDD"). A true and correct copy of the FDD is attached to the Hughes Declaration as Exhibit 2.

16. At the very beginning of the FDD it advised Ms. Ruth conspicuously, and in capital letters, that the Agreement requires the arbitration of disputes between OpenWorks and its franchisees in Arizona:

> Please consider the following RISK FACTORS before you buy this franchise:
>
> THE FRANCHISE AGREEMENT REQUIRES YOU TO RESOLVE DISPUTES WITH US BY ARBITRATION ONLY IN ARIZONA. OUT-OF-STATE ARBITRATION MAY FORCE YOU TO ACCEPT A LESS FAVORABLE SETTLEMENT FOR DISPUTES. IT MAY ALSO

3

> COST YOU MORE TO ARBITRATE WITH US IN ARIZONA THAN IN YOUR OWN STATE . . .

*See* Hughes Declaration, Exhibit 2 at p. ii.

17. When Ms. Ruth executed the Agreement, she agreed, among other things, to arbitrate any dispute or claim arising out of or connected with the Agreement. In this regard, the Agreement provided clearly and expressly:

> 11.8    Arbitration. Any dispute or claim (a "Claim") arising out of or in connection with this Agreement shall be resolved by arbitration . . . The arbitration shall be held where our principal place of business is located, currently the City of Phoenix, Arizona, governed by the United States Arbitration Act, 9 U.S.C. § 1-16, and conducted by one or more independent arbitrators who are experienced in franchise matters and have no past or present with either party . . . Any Claims shall be decided on an individual and not a class-wide basis.[1]

18. Ms. Ruth agreed to arbitrate *any* "Claim" arising out of or in connection with the Agreement.

19. On January 18, 2017, Ms. Ruth executed an Assignment of All Franchise Right of Individual(s) to their Entity, pursuant to which she assigned all of her right, title, and interest as an OpenWorks franchisee under the Agreement to the Company (the "Assignment"). A true and correct copy of the Assignment is attached to the Hughes Declaration as Exhibit 3.

20. Ms. Ruth remained fully obligated under the Agreement after the Assignment. *See* Hughes Declaration, Exhibit 3 at ¶ 4.

21. On September 20, 2018, Ms. Ruth filed a Complaint against OpenWorks in the United States District Court for the District of Colorado (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

---

[1] Section 11.8 of the Agreement is hereinafter referred to as the "Arbitration Provision."

4

22. The Complaint alleges, among other things, that OpenWorks misclassified Ms. Ruth as an independent franchisee instead of as an employee (¶¶ 36, 100); that Ms. Ruth was an employee of OpenWorks and, therefore, was engaged in interstate commerce (¶102); and that OpenWorks was required to pay Ms. Ruth minimum wage and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and failed to do so (¶ 103).

23. The Complaint also alleges that OpenWorks fraudulently induced her to enter into the Agreement (¶¶ 3, 60-65, 111-112, 115-118); that OpenWorks made negligent misrepresentations to Ms. Ruth in connection with her becoming an OpenWorks franchisee (¶¶ 120 – 121); and that OpenWorks breached the covenant of good faith and fair dealing implied in every contract under Arizona law (¶¶ 124-125).

24. The claims asserted in the Complaint arise out of or in connection with the Agreement.

25. Respondents are required to arbitrate the claims asserted in the Complaint in Phoenix, Arizona.

## COUNT I

**(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)**

26. OpenWorks incorporates the previous allegations in the previous paragraphs of this Petition as if fully set forth herein.

27. The Agreement is a valid and enforceable contract.

28. Ms. Ruth voluntarily agreed to the terms of the Agreement, including the Arbitration Provision.

29. The Company assumed and agreed to be bound by and perform all obligations of Ms. Ruth under the Agreement, including the Arbitration Provision.

5

30. All of the claims asserted by Ms. Ruth in the Complaint arise out of and/or are in connection with the Agreement and, therefore, must be decided by mandatory arbitration.

31. Ms. Ruth filed the Complaint in contravention of the Arbitration Provision.

32. Pursuant to 9 U.S.C. § 4, this Court may compel Respondents to arbitrate all claims asserted in the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, OpenWorks prays for judgment against Respondents as follows:

A. That pursuant to 9 U.S.C. § 4, Respondents are compelled to arbitrate all claims in the Complaint and any other claims that arise out of or in connection with the Agreement in accordance with the Arbitration Provision; and

B. For such other and further relief as the Court deems just and proper.

DATED this 5th day of November, 2018.

THORPE SHWER, P.C.

By */s/ William L. Thorpe*
   William L. Thorpe
   André H. Merrett
   Kristin Paiva
   Nicole M. Stewart

   *Attorneys for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that on November 5, 2018, I served by U.S. Mail, the attached document to the following:

David H. Seligman
Alexander N. Hood
Towards Justice
1410 High Street, Suite 300
Denver, Colorado 80218
**Attorneys for Respondents**

*/s/ Rebecca Camelio*

THORPE SHWER, P.C.