**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Case No. 1:18-cv-02412-RBJ-NRN**

**Ruth Mark;**

**and those similarly situated;**

**Plaintiffs,**

**v.**

**O.P.E.N. America, Inc. d/b/a OpenWorks;**

**Defendants.**

**REPLY IN SUPPORT OF MOTION TO STAY LITIGATION**

**INTRODUCTION**

This litigation arises out of a Janitorial Franchise Agreement (the "Agreement") entered into by Plaintiff and O.P.E.N. America, Inc. d/b/a/ OpenWorks ("OpenWorks") on September 12, 2016. The Agreement includes a binding arbitration provision requiring arbitration in Phoenix, Arizona. Consequently, on November 5, 2018, OpenWorks filed a Petition to Compel Arbitration against Plaintiff in the United States District Court for the District of Arizona (the "Arizona District Court"). Recognizing that this Court and the United States Court of Appeals for the Tenth Circuit have held previously that a district court lacks authority to compel arbitration in other districts, OpenWorks also filed its Motion to Stay Litigation in this case on November 5, 2018 (the "Motion"), which demonstrated that this Court must stay this litigation pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.

In her response to the Motion, Plaintiff tacitly agrees that if she and OpenWorks entered into an agreement requiring arbitration in Arizona, then this Court lacks authority to compel arbitration in Arizona and must leave the determination of the arbitrability of Plaintiff's claims against OpenWorks to the Arizona District Court. Undeterred, however, Plaintiff argues that (1) OpenWorks failed to execute the Agreement and, consequently, that no agreement to arbitrate exists between the parties,[1] and (2) the parties' dispute is not referable to arbitration because the Agreement's arbitration provision is unconscionable. As discussed more fully below, both Plaintiff and OpenWorks executed the Agreement. But, even if OpenWorks did not execute the Agreement, the Agreement, including its arbitration provision, would still be enforceable. Lastly, as has long been established, this Court must allow the Arizona District Court to determine the arbitrability of the parties' dispute and, accordingly, should not entertain Plaintiff's unconscionability arguments. For these reasons, this Court must stay this litigation pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.

## DISCUSSION

### A. Plaintiff Assented to Arbitration.

#### 1. Both Plaintiff and OpenWorks Executed the Agreement.

In an effort to avoid arbitration of Plaintiff's claims against OpenWorks, Plaintiff tries to disavow the existence of the very contract upon which the claims plaintiff asserts in her Complaint in this litigation are predicated. Specifically, Plaintiff argues that OpenWorks did not execute the Agreement and, therefore, no agreement to arbitrate exists between Plaintiff and OpenWorks.

[1] Plaintiff does not (and cannot) argue that she didn't execute the Agreement or agree in writing to arbitrate any dispute arising out of or in connection with the Agreement in Phoenix, Arizona.

However, the premise of Plaintiff's argument is simply wrong. OpenWorks did, in fact, execute the Agreement. *See* Declarations of Matt Alexander and Judy Anderson, attached hereto as **Exhibits C and D**, respectively. Because Plaintiff's argument as to the absence of an agreement to arbitrate depends entirely on her demonstrating that OpenWorks failed to execute the Agreement, and because OpenWorks did, in fact, execute the Agreement, this Court should end its analysis here and conclude that the parties have agreed to arbitrate the claims asserted in Plaintiff's Complaint.

2. Even if OpenWorks had not Executed the Agreement, a Binding Contract Still Exists, and Plaintiff is Bound by its Terms.

Contrary to Plaintiff's assertion, the Agreement must be considered a valid and enforceable contract between Plaintiff and OpenWorks even if OpenWorks had not signed it. "The majority rule is that the contract must be signed by the party against whom it is sought to be enforced, but not by the party who seeks to enforce it . . . ." *Nationwide Resources Corp. v. Massabni*, 134 Ariz. 557, 562 (App. 1982). Additionally, "[w]hile the FAA requires a writing, it does not require that the writing be signed by the parties." *Nghiem v. NEC Elec.*, 25 F.3d 1437, 1439 (9th Cir. 1994) (internal quotations omitted). Proof that a party read the agreement and operated under the agreement's terms has been sufficient to bind the parties to an arbitration provision. *See e.g.*, *O'Bannon v. United Servs. Auto. Ass'n*, 2016 U.S. Dist. LEXIS 186581, *6 (D. Ariz. June 17, 2016).

Here, several undisputable facts regarding Plaintiff's conduct on and after the day she signed the Agreement (September 12, 2016) and many of the allegations in her Complaint demonstrate that Plaintiff read the Agreement and operated under its terms. First, Plaintiff expressly acknowledged that OpenWorks provided her with a copy of the Agreement and all related documents, fully completed, at least five (5) business days prior to her execution of the

Agreement. *See* Agreement at § 11.19. Nevertheless, Plaintiff now attempts to avoid arbitration of the parties' dispute by declaring that OpenWorks failed to sign the Agreement; a declaration that is contradicted by her previous acknowledgment. Next, OpenWorks requires its franchisees to operate the franchises as legal entities as opposed to individuals. For this reason, the Agreement required Plaintiff to transfer all of her rights and obligations under the Agreement to a legal entity of which she beneficially owned 100% of the equity within 90 days after the Agreement's effective date (the "Required Assignment). *See* Agreement at § 1. On January 18, 2017, Plaintiff executed an Assignment of all Franchise Rights of Individual(s) to Their Entity (the "Assignment").[2] Pursuant to the Assignment, Plaintiff assigned all of her right, title, and interest as a franchisee under the Agreement to Ruth, LLC ("Ruth"), a Colorado limited liability company, of which she is the sole member. For its part, Ruth expressly assumed and agreed to be bound by and perform all of Plaintiff's obligations under the Agreement. *See* Assignment at § 4. Furthermore, Plaintiff agreed to remain fully obligated under the Agreement. *Id.* Plaintiff, Ruth, and OpenWorks each signed the Assignment. Consequently, regardless of whether OpenWorks signed the Agreement on or around September 12, 2016, there can be no doubt that the parties reaffirmed their contractual relationship, in writing, as a result of the Required Assignment.

Additionally, in her Complaint, Plaintiff alleges that she "signed up to be an OpenWorks cleaner" and that OpenWorks owed a duty of good faith and fair dealing respecting its ongoing dealings with Plaintiff due to the existence of a contractual relationship between them. *See* Complaint at ¶¶ 23 and 124. Plaintiff also admits that she performed several obligations imposed on her pursuant to the Agreement with OpenWorks. For example, Plaintiff admits that she began

[2] A true and correct copy of the Assignment is attached as Exhibit 3 to the Declaration of Katrina Hughes (the "Hughes Declaration"), which is attached to the Motion as Exhibit A.

performing commercial cleaning services as permitted by the Agreement in December 2016. *See* Complaint at ¶ 17. Likewise, Plaintiff details her performance of the financial obligations required under the Agreement. Complaint at ¶¶ 20-21, 27-31. Lastly, Plaintiff alleges that she invested in OpenWorks, something she could only have done as a party to the Agreement.

Based on these facts, there can be no doubt that the Agreement was, as Plaintiff admits, both in writing and signed by Plaintiff. Nor can there be any doubt that Plaintiff read the Agreement and operated under its terms.

Finally, it is worth pointing out that Plaintiff discounts the Agreement's choice of law provision and cites several inapposite decisions in support of her argument that the absence of OpenWorks' signature on the Agreement dictates a conclusion that OpenWorks and Plaintiff did not agree to arbitrate their disputes. Even though Plaintiff's reliance on these decisions is misplaced, a careful review reveals that the cited decisions do not support Plaintiff's argument. In *Scaife v. Associated Air. Ctr*., 100 F.3d 406, 410-411 (5th Cir. 1996), the court found no enforceable contract where ***neither party*** signed the agreement, including the party against whom the contract was to be enforced. Likewise, in *All State Home Mortg. v. Daniel*, 977 A.2d 438 (Md. Spec. App. 2009), the court held no enforceable contract existed because the terms of the contract contained the express condition precedent stating that the contract would only be binding when both parties signed it. There is no similar provision here. Instead, the Franchise Agreement states: "This Agreement will not be binding ***on OpenWorks*** unless and until it has been signed by an authorized officer of OpenWorks." It does not state that it will not be binding on Plaintiff. Finally, the court in *Baier v. Darden Rests*., 420 S.W.3d 733 (Mo. App. 2014) held that where an employer did not sign the agreement containing an arbitration provision notwithstanding the signature line, there was no mutual assent to the bilateral agreement and therefore the arbitration provision was

not enforceable. Notably, however, the court acknowledged that assent could be shown in other ways, such as the parties' conduct. As discussed above, the parties' assent to the Agreement is clearly demonstrated by their conduct.

In summary, the truth is that Plaintiff and OpenWorks signed the Agreement. But, even if OpenWorks had not signed the Agreement, both parties manifested their assent to the Agreement by their conduct. Accordingly, the existence of a written agreement between Plaintiff and OpenWorks cannot honestly be disputed.[3] Thus, all that is left for the Court to determine is whether it must stay this litigation pending the District Court of Arizona's determination of OpenWorks's petition to compel arbitration and any resulting arbitration.

**B. This Court cannot Compel Arbitration and Should Leave the Determination of any Questions as to the Arbitrability of Plaintiff's Claims Against OpenWorks to the District Court of Arizona.**

As OpenWorks pointed out in the Motion, it has long been settled that when the location of arbitration is contained in the arbitration agreement, only a district in that forum has authority to compel arbitration. *Ansari v. Qwest Communs. Corp*., 414 F.3d 1214, 1215-1220 (10th Cir. 2005); *Roe v. Gray*, 165 F. Supp. 2d 1164, 1174 (D. Colo. 2001). As the *Ansari* court explained, a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration. *Ansari*, 414 F.3d at 1220 (quotation marks and citation omitted). In *Roe*, the Colorado District Court also concluded that because the arbitration provision required the arbitration to take place outside of Colorado, the district court in the district selected by the parties must determine the arbitrability of Plaintiff's claims. *Roe*, 165 F. Supp. 2d at 1173-1174.

---

[3] That the Agreement defines and governs the relationship between Plaintiff and OpenWorks is unassailable. Indeed, taken to its logical conclusion, Plaintiff's argument that the parties never entered into the Agreement requires a determination that Plaintiff lacks standing to assert any of the claims in the Complaint because each of those claims depend entirely upon the existence of a contractual relationship between Plaintiff and OpenWorks.

Thus, the court held:

> Here, the AFCA Arbitration Agreement specifies that arbitration will take place in North Carolina but I do not have the power to compel arbitration in North Carolina. Because I lack such power and because the arbitration agreement specifically identifies North Carolina as the location for arbitration, AFCA [] properly filed a motion to compel in that district instead of here. Additionally, because the Eastern District of North Carolina will decide whether to grant the motion to compel arbitration, it should also decide the issue of arbitrability.

*Id*. at 1173. Accordingly, under the principle of comity, the Colorado District Court granted a stay pending the North Carolina District Court's decision regarding the petition to compel arbitration and any possible arbitration. *Id*. at 1174. The Tenth Circuit Court of Appeals subsequently confirmed *Roe's* holding that a district court lacks the power to compel arbitration in another district and therefore a stay of proceedings is required pending the outcome of arbitration. *Ansari*, 414 F.3d 1214, 1215-1220. Thus, where parties have entered into an agreement to arbitrate their disputes that contains a forum selection clause choosing a forum other than Colorado, and the defendant has asked a court in that forum to compel arbitration, then the litigation in Colorado should be stayed and the court in the selected forum should decide whether to compel the parties to arbitrate their dispute. Such a determination will necessarily involve a determination of the arbitrability of the parties' dispute (i.e. whether the parties have entered into a valid and enforceable agreement to arbitrate and whether their dispute falls within the scope of the agreement). *See Roe* 165 F. Supp. 2d at 1173.

Here, the Agreement specifies that arbitration will take place in Phoenix, Arizona. *See* Agreement at § 11.8. On November 5, 2018, OpenWorks appropriately filed its Petition to Compel Arbitration against Plaintiff in the Arizona District Court. Consequently, the District Court will decide whether to compel arbitration, which will include a consideration of Plaintiff's arguments on unconscionability as those arguments go to the heart of whether the parties have entered into a

valid and enforceable agreement to arbitrate. As discussed in *Ansari* and *Roe*, the Colorado District lacks the power to compel arbitration in Arizona and the present proceedings should be stayed pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.[4]

## CONCLUSION

For the foregoing reasons, OpenWorks respectfully requests that this Court grant its motion to stay this litigation pending a determination by the Arizona District Court on the arbitrability of Plaintiff's claims and the outcome of any arbitration proceeding.

Dated this 10th day of December, 2018.

Respectfully Submitted,

THORPE SHWER, P.C.

*/s/ William L. Thorpe*

William L. Thorpe (AZ Bar #005641)
Andrea Marconi (AZ Bar #022577)
Andrè H. Merrett (AZ Bar #020889)
THORPE SHWER, P.C.
3200 North Central Avenue
Suite 1560
Phoenix, Arizona 85012
Tel: (602) 682-6104
wthorpe@thorpeshwer.com
amarconi@thorpeshwer.com
amerrett@thorpeshwer.com

[4] The rule announced in *Ansari* that §4 of the Federal Arbitration Act requires district courts to compel arbitration in accordance with the parties' agreement but prohibits courts from ordering arbitration in other districts is not jurisdictional but, instead is one of venue which can be waived. *Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139, 1151-1152 (10th Cir. 2014). Because OpenWorks does not wish to waive enforcement of the Agreement's forum selection clause, it does not respond to Plaintiff's unconscionability arguments because those arguments pertain to the issue of arbitrability, which should be decided by the District Court of Arizona. If, however, this Court is inclined to determine issues of arbitrability, then OpenWorks will file a comprehensive motion to compel arbitration pursuant to 9 U.S.C. § 3.

Michelle Harden (CO Bar #36682)
MESSNER REEVES LLP
1430 Wynkoop Street
Suite 300
Denver, Colorado 80202
Tel: (303) 632-1800
mharden@messner.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2018, I electronically filed and served the foregoing **REPLY IN SUPPORT OF MOTION TO STAY LITIGATION** via the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ *William L. Thorpe*________________
William L. Thorpe