IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:18-cv-02412-RBJ

RUTH MARK;

and those similarly situated;

    Plaintiffs,

v.

O.P.E.N. AMERICA, INC. D/B/A OPENWORKS;

    Defendants.

---

## CIVIL SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference in this matter was held on January 8, 2019 at 2:00 p.m. before Judge R. Brooke Jackson. David Seligman, Alexander Hood, and Catherine Ordoñez of Towards Justice, 1410 High Street, Suite 300, Denver, CO 80218 appeared on behalf of Plaintiff Ruth Mark and other Plaintiffs to opt-in to this action pursuant to 29 U.S.C. § 216(b). William L. Thorpe and André H. Merrett of Thorpe Shwer, P.C., 3200 N. Central Ave., Ste. 1560, Phoenix, AZ 85012 appeared on behalf of Defendant O.P.E.N. America, Inc. ("OpenWorks").[1]

### 2. STATEMENT OF JURISDICTION

Plaintiff believes that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

---

[1] OpenWorks's participation in the preparation of this Civil Scheduling Order, the conference pursuant to Fed. R. Civ. P. 26(f), or the scheduling conference should not be construed as a waiver of its arguments in its Motion to Stay Litigation [Dkt. 10] (the "Motion").

Additionally, Plaintiff believes that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over her related claims under state law.

Plaintiff also believes that venue is proper pursuant to 28 U.S.C. § 1391 and that a substantial part of the events giving rise to Plaintiff's claims occurred in this District, where she performed the work at issue in this case.

As OpenWorks argues in the Motion, it believes that Plaintiff agreed to arbitrate the claims asserted in this action and, therefore, neither jurisdiction nor venue are proper.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This case involves OpenWorks's practice of misclassifying its cleaning workers as franchisees as opposed to employees. Notwithstanding that OpenWorks retains complete control to contract with customers and assign accounts to workers, it purports not to employ any of those workers. Instead of paying its workers minimum wage or overtime for their hours worked, as required by state and federal law, it requires those workers to pay OpenWorks extraordinary startup fees for the opportunity to work for OpenWorks. OpenWorks recruits its workers by fraudulently overstating the success of its franchisees.

These alleged violations support Plaintiff's putative class and collective action claims brought under state and federal law.

b. Defendant:

This litigation arises out of Plaintiff's purchase of a franchise from OpenWorks on September 12, 2016. In connection with Plaintiff's purchase of the franchise, Plaintiff executed an OpenWorks Janitorial Franchise Agreement (the "Agreement"), which included a binding

2

arbitration provision requiring arbitration in Phoenix, Arizona.[2] The arbitration provision is explicit and broadly applies to any dispute or claim arising out of or in connection with the Agreement.

In this lawsuit, Plaintiff claims that (a) the Agreement notwithstanding, OpenWorks misclassified her as an independent franchisee rather than as an employee; (b) because she was an employee, OpenWorks violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and Colorado's Minimum Wage and Overtime Law, Colo. Rev. Stat. § 8-6-101 *et seq.* (the "CWA") by failing to pay a proper minimum wage or overtime; (c) OpenWorks fraudulently induced her to enter into the Agreement; (d) Open Works negligently provided information to her in connection with the execution of the Agreement; and (e) OpenWorks breached the implied covenant of good faith and fair dealing in the performance of, or failure to perform, one or more of its obligations under the Agreement. Plaintiff's claims, however, arise out of and are in connection with the Agreement. Plaintiff unequivocally agreed to arbitrate such claims in Phoenix, Arizona when she executed the Agreement.[3]

## 4. UNDISPUTED FACTS

If the Court denies the Motion, then the parties will work together as the factual record develops to identify undisputed facts.

---

[2] OpenWorks requires its franchisees to be legal entities as opposed to individuals. For this reason, the Agreement required Plaintiff to transfer all of her rights and obligations under the Agreement to a legal entity of which she beneficially owned 100% of the equity within 90 days after the Agreement's effective date (the "Required Assignment). On January 18, 2017, Plaintiff transferred all rights, duties, and obligations of the Agreement to her limited liability company, "Ruth, LLC," via a fully executed Assignment of All Franchise Rights of Individual(s) to Their Entity (the "Assignment"). Plaintiff's transfer of all rights, duties, and obligations under the Agreement to Ruth, LLC, calls into question whether she has standing to bring this claim as an individual.

[3] Without prejudice to its Motion, OpenWorks denies any liability to Plaintiff on any claim asserted against it in her Complaint and will vigorously defend this action if required to do so.

3

## 5. COMPUTATION OF DAMAGES

a.  Plaintiff:

The computation of damages claimed by Plaintiff cannot be precisely calculated without the benefit of further discovery.

Plaintiff seeks damages for herself and all other similarly situated workers in the amount of their respective unpaid compensation, including wages and overtime compensation, deductions of their wages, plus an equal amount of liquidated damages and applicable penalties. Plaintiff also seeks economic, compensatory, and punitive damages arising from Defendant's misconduct.

Additionally, Plaintiff seeks payment of her attorney's fees and costs associated with this action.

b.  Defendant:

OpenWorks does not seek a recovery of damages in this action. However, should it become necessary OpenWorks intends to seek the recovery of its attorneys' fees incurred in this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.  **Date of Rule 26(f) meeting.**

The Rule 26(f) conference occurred on January 3, 2019.

b.  **Names of each participant and party he/she represented.**

David H. Seligman appeared for Plaintiff, and André H. Merrett appeared for Defendant.

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties will agree to a deadline for the exchange of Rule 26(a)(1) disclosures if the Court denies the Motion.

    **d.**    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

No proposed changes.

    **e.**    **Statement concerning any agreements to conduct informal discovery:**

If the Court denies the Motion, then the parties will discuss possible agreements regarding informal discovery.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

If the Court denies the Motion, then the parties will work cooperatively and in good faith to reduce discovery and other litigation costs. The parties shall follow the Court's Discovery Dispute procedure as outlined in its Practice Standards. Exhibits shall be numbered according to the Court's Practice Standards, with numbers for the Plaintiffs and letters for the Defendants.

    **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that their claims or defenses will involve unusually extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Where possible, the parties will produce documents in a searchable PDF format. Upon request of another party, where reasonably possible to do so, the parties will produce documents in their native format and/or allow inspection of documents.

    **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have not discussed the possibility of early resolution of this matter. However, OpenWorks filed a Petition to Compel Arbitration Pursuant to 9 U.S.C. § 4 in the District Court for the District of Arizona on November 5, 2018. The Petition is still pending.

5

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of the Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not propose any modification to the presumptive limits in the Federal Rules for depositions or interrogatories.

b. **Limitations which any party proposes on the length of depositions.**

The parties do not propose any modification to the length of depositions set forth in Fed. R. Civ. P. 30(d)(1).

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiff proposes that each party be allowed to serve twenty-five (25) requests for production and twenty-five (25) requests for admission on the other party.

Plaintiff states that she will oppose any attempt by Defendant to serve requests for production and/or admission on some or all class members should such requests be geared toward deterring opt-in participation in the action or be unduly burdensome.

OpenWorks may propose limitations on the number of requests for production and/or requests for admission if the Court denies the Motion.

d. **Other Planning or Discovery Orders.**

The parties are not aware of any other issues requiring the Court's attention, aside from the matters outlined here and resolution of Defendant's Motion.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: April 26, 2019, excluding claims by any parties opting into the case following court-supervised notice pursuant to the Fair Labor Standards Act.

b. Discovery Cut-off: ~~January 31, 2020~~ August 31, 2019. Plaintiffs propose that, should the Court grant Plaintiffs' forthcoming Motion for Class Certification, the Court set a second scheduling conference and modify the scheduling order to accommodate classwide merits discovery.

c. Dispositive Motion Deadline: ~~April 3, 2020~~ October 31, 2019.

d. Expert Witness Disclosure

   1. The parties shall identify anticipated fields of expert testimony, if any, on or before September 27, 2019.

   2. Limitations which the parties propose on the use or number of expert witnesses.

      None.

   3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 10, 2020.

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 7, 2020.

e. Identification of Persons to Be Deposed:

   1. Plaintiff: Plaintiff intends to depose Defendant, individuals disclosed by Defendant, and others who Plaintiff later identifies as having relevant information about this dispute.

   2. Defendant: If necessary, OpenWorks intends to depose the following individuals.
      a. Ruth Mark
      b. Spouse of Ruth Mark
      c. Employees of Ruth, LLC
      d. All individuals disclosed by Plaintiff in accordance with Fed. R. Civ. P. 26(a)(i)
      e. Any expert disclosed by Plaintiff pursuant to Fed. R. Civ. P. 26(a)(2).

7

f.  Deadline for Interrogatories: December 13, 2019.

g.  Deadline for Requests for Production of Documents and/or Admissions: December 13, 2019.

### 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on 1/24/20 at _____ o'clock ____ m. ~~A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

### 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury:

~~10~~ 5-day jury trial.   2/24/20

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

8

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and Judge R. Brooke Jackson's Discovery Dispute procedure.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause. Certification of a FLSA opt-in class or a Rule 23 class will constitute good cause for amending the scheduling order to permit further discovery and proceedings consistent with the Court's order.

DATED at Denver, Colorado, this ___8___ day of ___JAN.___, 2019.

BY THE COURT:

_____
Hon. R. Brooke Jackson
United States Judge

APPROVED:

*s/ David H. Seligman*

David H. Seligman
Alexander N. Hood
Catherine Ordoñez
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 248-8426
Fax: (303) 957-2289
Alex@towardsjustice.org
David@towardsjustice.org
*Attorneys for Plaintiffs*


APPROVED:

*s/André H. Merrett*

William L. Thorpe
André H. Merrett
Nicole M. Stewart
THORPE SHWER, P.C.
3200 N. Central Ave., Ste. 1560
Phoenix, AZ 85012
Telephone: (602) 682-6100
Fax: (602) 682-6149
wthorpe@thorpeshwer.com
amerrett@thorpeshwer.com
nstewart@thorpeshwer.com

Michelle Harden
MESSNER REEVES LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
Telephone: (303) 632-1800
mharden@messner.com

*Attorneys for Defendant*