# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02412-RBJ-NRN

RUTH MARK; and those similarly situated,

    Plaintiffs,

    v.

O.P.E.N. AMERICA, INC., d/b/a OPENWORKS,

    Defendant.

## FINAL COLLECTIVE ACTION SETTLEMENT AGREEMENT

This **FINAL COLLECTIVE ACTION SETTLEMENT AGREEMENT** ("Settlement Agreement") is entered into by and among Wanda Strauss, Mohamed Muney Mohamed, Debra Morrett, Ojo Yesuto, Mohamoud Ali, and the bankruptcy estate of Marco Guererro (collectively the "Opt-In Plaintiffs" or individually a "Party") and O.P.E.N. America, Inc. d/b/a Openworks ("OpenWorks" or "Defendant") (together, the "Parties").

**WHEREAS**, Opt-In Plaintiffs have exercised their right to opt-in and join this hybrid collective and class action arising from claims asserted by the named plaintiff, Ruth Mark, in Case No. 18-cv-02412 in the U.S. District Court for the District of Colorado captioned as Mark v. O.P.E.N. America, Inc. (the "Litigation"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Minimum Wage and Overtime Law ("CMWO"), C.R.S. §§ 8-4-101 and 8-6-101, *et seq.*, the Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1522 ("ACFA"), and various common law claims arising under Arizona state law, including fraud, negligent misrepresentation, and breach of the duty of good faith and fair dealing (collectively,

the "Arizona Common-Law Claims") (FLSA, CMWO, ACFA, and the Arizona Common-Law Claims referred to together as the "Claims"); and

**WHEREAS**, the named-Plaintiff Ruth Mark has since settled with Defendant and the Complaint [ECF Doc. 1] has not yet been amended to reflect the joinder of the Opt-In Plaintiffs as the only current plaintiffs in this matter; and

**WHEREAS**, the Parties have come to terms on this settlement prior to the amendment of the Complaint [ECF Doc. 1] but Defendant, among other defenses, alleges that the Opt-In Plaintiffs, and all those similarly situated, were lawfully characterized as franchisees with duly executed franchise agreements and thus not "employees" with actionable claims; and

**WHEREAS**, Defendant denies all allegations made in the Complaint [ECF Doc. 1] or otherwise; and

**WHEREAS**, the Opt-In Plaintiffs maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement with Defendant, taking into account the relative risks of proceeding to trial on these claims; and

**WHEREAS**, the Opt-In Plaintiffs and their counsel have fully analyzed and evaluated their class action claims, Defendant's defenses, and this Settlement Agreement; and

**WHEREAS**, Defendant maintains that it would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement that will allow it to avoid prolonged and expensive litigation; and

**WHEREAS**, the Parties desire to resolve amicably, completely, and forever all disputes between them and described herein without delay and without the expense occasioned by litigation; and

**NOW THEREFORE, IT IS STIPULATED AND AGREED** by and among the Parties to this Settlement Agreement that this controversy shall be settled and compromised, and upon the Court's approval of the terms and conditions set forth below, the Parties agree to fully execute this Agreement, as set forth below:

### I. DEFINITIONS

The following definitions shall apply to the remainder of this Settlement Agreement.

"Opt-In Plaintiffs" are Wanda Strauss, Mohamed Muney Mohamed, Debra Morrett, Ojo Yesuto, Mohamoud Ali, and the bankruptcy estate of Marco Guererro.

"Opt-In Plaintiffs' Counsel" is David Seligman of Towards Justice, 1410 High Street, Suite 300, Denver, Colorado 80218.

"Defendant's Counsel" are Jon Olafson and Shawna Ruetz of Lewis Brisbois Bisgaard & Smith LLP, 1700 Lincoln Street, Suite 4000, Denver, CO 80203.

"Counsel for the Bankruptcy Trustee" is Dawn Maguire of Guttilla Murphy Anderson, 5415 East High Street, Suite 200. Phoenix, Arizona 85054.

"Bankruptcy Trustee" is Maureen Gaughan, the Chapter 7 Trustee appointed to Marco Guerrero's bankruptcy estate.

"Final Approval Order" shall mean the order of the District Court that gives the final approval to this Agreement.

"Effective Date" is the date designated in ¶ 10.

### II. SETTLEMENT PAYMENT

1. In full settlement of the Opt-In Plaintiffs' Claims, without admitting any liability, Defendant shall pay an "all-inclusive," settlement payment of Forty-One Thousand, Five Hundred Dollars and No Cents ($41,500.00) as payment of all sums due under the settlement

(the "Settlement Payment").

2.  All payments pursuant to this settlement to the Opt-In Plaintiffs shall be in full and final resolution of all claims and causes of action alleged in this Litigation against Defendant. Additionally, the portion of the Settlement Payment designated as regular and overtime wages will be subject to deductions for all applicable state and federal taxes, deductions, and withholdings as required by law.

### III.  MUTUAL RELEASE

3.  The Opt-In Plaintiffs and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives ("Releasors") hereby release and forever discharge Defendant, including its past, present, and future parents, owners, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in both their corporate and individual (personal) capacities, predecessors and successors, and heirs, executors, assigns, and all persons acting by, through, under, or in concert with any of these ("Releasees") of and from all claims, charges, complaints, liabilities, obligations, suits, demands, costs, losses, debts, and expenses, known or unknown, suspected or unsuspected, including, but not limited to, all claims for penalties, general damages, liquidated damages, punitive damages, compensatory damages, special damages, statutory damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever, that Releasors had, now have, or in the future may or could have, arising out of or relating in any way to their franchise agreement or any other agreement with Defendant, the franchise relationship between the Parties, or related to the Claims and allegations here. The Opt-In Plaintiffs further covenant and agree to never institute, prosecute or assist others to institute or prosecute, or in any way aid any claim, suit or action at

law or in equity, or otherwise assert any claim against any or all of the Releasees for any damages (actual, consequential, punitive, or otherwise), injunctive relief, or other loss or injury to person or property, cost, expense, attorneys' fees, amounts paid on account of recovery or settlement, or any other damage or harm whatsoever, based upon or arising out of any event, act, or omission that has occurred as of the date of the execution of this Agreement. This release will be and will remain a full and general release of the subject matter of the released claims.[1]

    4.    Releasees also release and forever hold harmless the Opt-In Plaintiffs for all purposes, of and from any and all claims, debts, demands, damages, costs, expenses, actions, causes of action, or suits of any kind whatsoever, at common law, statutory or otherwise, whether now known or not, whether contingent or matured, including, without limitation, any claim, demand, or cause of action arising out of or in connection with, as a result of, or in any way arising out of or related to any franchise agreement or the franchise relationship which the Releasees may have had or may now have directly or indirectly against any or all of the Opt-In Plaintiffs based upon or arising out of any event, act, or omission that has occurred prior to the date of the execution of this Agreement. The Releasees further covenant and agree to never institute, prosecute or assist other to institute or prosecute, or in any way aid any claim, suit, action at law or in equity, or otherwise assert any claim against any or all of the Opt-In Plaintiffs for any damages (actual, consequential, punitive, or otherwise), injunctive relief, or other loss or injury to person or property, cost, expense, attorneys' fees, amounts paid on account of recovery or settlement, or any other damage or harm whatsoever, based upon or arising out of any every,

---

[1] Nothing in this Settlement Agreement, specifically paragraph 3, hinders, restricts, prohibits or alters the Bankruptcy Trustee's avoidance rights against any party herein, including the Defendant.

act, or omission that has occurred as of the date of the execution of this Agreement.[2]

5.  The release of claims set forth above are intended by the Parties to be a full and unconditional general release, as that phrase is used and commonly interpreted, extending to all claims of any nature, whether or not known, expected or anticipated to exist in favor of the releasing party against the other party regardless of whether any unknown, unsuspected or unanticipated claim would materially affect settlement and compromise of any matter mentioned herein.  In making this voluntary express waiver, each party acknowledges that claims or facts in addition to or different from those which are now known to exist with respect to the matter mentioned herein may later be discovered and that it is each party's intention to hereby fully and forever settle and release and all matters, regardless of the possibility of later discovered claims or facts.  Each Party acknowledges that he, she or it has had adequate opportunity to gather all information necessary to enter into this Settlement Agreement and release.  This release is and shall be and remain a full, complete and unconditional general release.  Each Party acknowledged and agrees that the foregoing waiver is an essential, integral, and material term of this Settlement Agreement.  Each Party further acknowledges and agrees that no violation of this Settlement Agreement shall void the release contained herein.[3]

## IV.   ALLOCATION AND DISTRIBUTION OF SETTLEMENT FUNDS

6.  **Allocation.**  Each Party will be responsible for its attorneys' fees and costs. Opt-In Plaintiffs and their counsel waive any right to statutory fee shifting that may result from Opt-

---

[2] Nothing in this Settlement Agreement, specifically paragraph 4, hinders, restricts, prohibits or alters Defendant's rights against the Bankruptcy Trustee and the bankruptcy estate of Marco Guerrero.

[3] Nothing in this Settlement Agreement, specifically paragraph 6, hinders, restricts, prohibits or alters the Bankruptcy Trustee's avoidance rights against any party herein, including the Defendant.

In Plaintiffs being considered "prevailing parties" in the Litigation. Subject to the Court's authorization and the terms of this Settlement Agreement, the total settlement amount shall be distributed as follows:

| | |
|---|---|
| $9,000.00 | Wanda Strauss, Opt-In Plaintiff |
| $5,000.00 | Mohammed Muney Mohamed, Opt-In Plaintiff |
| $9,000.00 | Debra Morrett, Opt-In Plaintiff |
| $9,500.00 | Ojo Yesuto, Opt-In Plaintiff |
| $7,000.00 | Mohamoud Ali, Opt-In Plaintiff |
| $2,000.00 | Marco Guerrero's Bankruptcy Estate |
| **$41,500.00** | **TOTAL** |

7. The Settlement Agreement shall be conditioned upon the entry of an Approval Order by the Court that gives final Court approval of this Settlement Agreement, including, without limitation, the dismissal with prejudice of any claims by Opt-In Plaintiffs as to all claims that were pleaded or that could have been pleaded in this Litigation including all class claims.

8. The Settlement Agreement shall also be conditioned upon the entry of an Approval Order by the Bankruptcy Court that gives final Court approval to the Stipulated Settlement Agreement entered into by Defendant, Counsel for the Bankruptcy Trustee, and the Bankruptcy Trustee.

9. The Effective Date of the Settlement Agreement will be the date of the Approval Order. Upon the Effective Date, this Litigation shall be dismissed with prejudice, without costs, and with all appeals waived, and the Release shall be effective. Further, on or after the Effective Date, Opt-In Plaintiffs will provide Defendant with an Internal Revenue Service form W-9, which includes the Tax ID number or social security number, for each respective Opt-In Plaintiff.

10. 20% of all settlement payments shall be considered wage and 80% of all

settlement payments shall be considered non-wage payments.[4]

11.   Within twenty-one (21) days of Defendant's receipt of the Opt-In Plaintiff's W-9 forms, or from the Effective Date and dismissal with prejudice of this Litigation if Defendant receives the W-9 forms before the Effective Date, Defendant shall disburse the aforementioned amounts via five (5) checks for Wanda Strauss, Mohamed Muney Mohamed, Debra Morrett, Ojo Yesuto, and Mohamoud Ali payable to each Opt-In Plaintiff and mailed to attorney David Seligman.

12.   Within twenty-one (21) days from the Effective Date and dismissal with prejudice of this Litigation, Defendant shall disburse the aforementioned amount for the bankruptcy estate of Marco Guererro via check and payable to "Maureen Gaughan, Chapter 7 Trustee" and mailed to Maureen Gaughan at P.O. Box 6729, Chandler, AZ 85246.

## V.   MISCELLANEOUS PROVISIONS

13.   **Non-Disparagement and Non-Participation.** For the consideration outlined herein in ¶ 7, the Parties further agree to the following:

 a. <u>Non-Disparagement</u>.  The Parties mutually agree that they will not, either orally or in writing, make defamatory or otherwise injurious statements concerning one another.  The Parties agree that they will not in any way interfere with each other's business relationships with existing customers.  For purposes of this provision, the term "disparage" includes public comments or statements that would adversely affect in any manner (i) the conduct of the business or prospective business of all or any one of the Parties, or (ii) the

---

[4] This allocation of settlement payments does not apply to the settlement payment to the Bankruptcy Trustee for Marco Guerroro's Bankruptcy Estate, which has been approved as a lump sum payment by the Bankruptcy Court.

business or personal reputation of all or any one of the Parties. A breach by any one of the Parties of any obligation under this paragraph shall not invalidate any of the releases set forth in this Settlement Agreement. The Parties do not waive, and expressly retain, their right to seek relief related to any breach of this paragraph, and these rights are cumulative and in addition to any other rights or remedies to which a Party may be entitled under this Settlement Agreement or any law, statute, or court rule, including monetary damages and attorneys' fees. Notwithstanding the above, non-disparagement does not apply with respect to communications between the Opt-In Plaintiffs' spouse or significant other that is part of the Opt-In Plaintiffs' household.

b. <u>Non-Participation.</u> To the fullest extent permitted by law, the Opt-In Plaintiffs agree that they will not institute, initiate, or voluntarily participate in any action, class action, administrative action, grievance, arbitration, representative action, or other suit against OpenWorks brought in any state, federal or local court, agency, before an arbitrator, for other tribunal related to claims released through this Settlement Agreement. This includes, but is not limited to, voluntarily sharing information or documentation obtained by the Opt-In Plaintiffs during settlement discussions. Moreover, if the Opt-In Plaintiffs are a party to, or are a member of a class that institutes any claim or action against OpenWorks arising from conduct which predates this Settlement Agreement, they agree that their claims shall be dismissed or class membership terminated immediately upon presentation of this Settlement Agreement, and they shall execute any papers necessary to achieve this end.

If required by law, the Opt-In Plaintiffs may respond to a subpoena and cooperate in any investigation conducted by any federal or state enforcement agency; but the Opt-In Plaintiffs knowingly and voluntarily waive the right to any form of recovery or compensation in any such action. The Parties agree that these provisions are material, essential, and indispensable conditions of this Settlement Agreement. The Parties agree that, in the event of a breach of any of these provisions, the Parties will have the right to file a lawsuit for breach and seek all available remedies under the law. Such a lawsuit must be filed in Colorado. If filed, the terms of this Settlement Agreement must be kept confidential. Absent a court order to the contrary, any information or documents that need to be filed with the court must be submitted under seal.

14. **Termination of Franchise Agreement.** Upon the execution of this Settlement Agreement by the Parties, and the payment of the Settlement Payment, the franchise agreement for each individual, will be deemed terminated as of the Effective Date of this Settlement Agreement. In addition, the Opt-In Plaintiffs will be disclosed in OpenWorks' franchise disclosure document as a franchisee that has left OpenWorks' franchise system.

15. **Assignment.** The Opt-In Plaintiffs, excluding the bankruptcy estate for Marco Guerrero, represent that they have not assigned or transferred or purported to assign or transfer, voluntarily, involuntarily, or by operation of law, any matter released pursuant to this Settlement Agreement. The Opt-In Plaintiffs agree to indemnify and hold harmless OpenWorks from and against any claim, demand, damage, death, liability, or cause of action, based upon, in connection with, or arising out of any such assignment or transfer.

The Bankruptcy Trustee represents that the bankruptcy estate for Marco Guererro has not assigned or transferred or purported to assign or transfer, voluntarily, involuntarily, or by operation of law, any matter released pursuant to this Settlement Agreement. The Bankruptcy Trustee agrees

4816-2720-9926.10                                              10

that the bankruptcy estate for Marco Guererro will hold harmless OpenWorks from and against any claim, demand, damage, death, liability, or cause of action, based upon, in connection with, or arising out of any such assignment or transfer.

16.   **Enforcement.**  The Parties agree that any action to enforce this Settlement Agreement shall be venued in Colorado and shall not be subject to arbitration.

17.   **Review of Agreement.**  The Opt-In Plaintiffs represent and warrant that the Opt-In Plaintiffs have consulted, or have had the opportunity to consult with, legal counsel concerning the execution of this Settlement Agreement. Further, the Opt-In Plaintiffs represent and warrant that the Opt-In Plaintiffs have read and fully understand the terms of this Settlement Agreement, and that the Opt-In Plaintiffs have freely and voluntarily entered into and executed this Settlement Agreement without the undue influence of any person and without relying on any promises, conditions, terms, statements or representations not expressly contained herein.

18.    **Binding Effect.**  The Opt-In Plaintiffs understand and agree that this Settlement Agreement and its terms are contractual and not a mere recital. The Opt-In Plaintiffs understand and agree that this Settlement Agreement is final and binding upon the Opt-In Plaintiffs in all claims the Opt-In Plaintiffs have against OpenWorks, as set forth above.

19.   **Entire Agreement.**  This Settlement Agreement constitutes the entire agreement with respect to the subject matter of this Settlement Agreement and supersedes all prior and contemporaneous agreements or understandings.

20.   **No Admission of Liability.**  The Opt-In Plaintiffs understand and agree that this Settlement Agreement is the compromise of disputed claims, and that recitals of fact, representations, and statements herein are not to be construed as an admission by OpenWorks of any factual allegations or liability asserted by the Opt-In Plaintiffs. The Opt-In Plaintiffs understand that, by agreeing to this compromise and settlement, OpenWorks does not admit liability of any kind, that liability has at all

times been denied, and that the settlement evidenced by this Settlement Agreement is a compromise to terminate the expense of continued litigation.

21. **Construction.** All questions with respect to the construction of this Settlement Agreement and the rights and liabilities of the Parties hereto shall be governed by the laws of the State of Colorado. The section headings are for the convenience of reference only and are not a substantive part of the Settlement Agreement.

22. **Unknown Facts.** The Opt-In Plaintiffs acknowledge that they may hereafter discover facts different from, or in addition to, those now known or believed to be true with respect to the matters that are the concern of this Settlement Agreement and the claims released herein. The Opt-In Plaintiffs agree that this Settlement Agreement shall be, and will remain, effective in all respects notwithstanding such different or additional facts.

23. **Enforceability.** Each and every covenant and agreement herein is a condition to the effectiveness and enforceability of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed to obligate and extend to the legal successors, assigns, transferees and grantees of the Parties hereto who may assume any or all of the above-described capacities subsequent to the execution and effective date of the Settlement Agreement.

24. **No Other Actions.** The Opt-In Plaintiffs, excluding the bankruptcy estate for Marco Guererro, represent that they have not commenced any other action against OpenWorks, other than those identified herein.  The Bankruptcy Trustee has instituted another action against OpenWorks unrelated to this Litigation.

25. **Taxes.** The Opt-In Plaintiffs acknowledge that they are responsible for paying any tax obligations which may arise from the amount paid to them under this Settlement Agreement.  The Opt-In Plaintiffs agree that OpenWorks will not be liable for any tax obligations which may arise from the amount paid to the Opt-In Plaintiffs under this Settlement Agreement. The Opt-In Plaintiffs acknowledge that OpenWorks is not advising the Opt-In Plaintiffs on tax matters. The Opt-In Plaintiffs

acknowledge that they are not relying on OpenWorks for tax advice.  The Opt-In Plaintiffs, excluding the bankruptcy estate for Marco Guererro, further agree to indemnify and hold harmless OpenWorks (and its representatives, employees, executives, agents, and counsel) for any payment of tax or penalty that is required by any government agency as a result of the payment of the sums set forth herein.  The Bankruptcy Trustee agrees that the bankruptcy estate for Marco Guererro will hold harmless OpenWorks (and its representatives, employees, executives, agents, and counsel) for any payment of tax or penalty that is required by any government agency as a result of the payment of the sums set forth herein.

26.     **Severability.**  If any provision of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable for whatever reason, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.  No determination by any court, governmental body, arbitration, or other judicial body that any provision of this Settlement Agreement or any amendment thereto is invalid or unenforceable shall affect the validity or enforceability of any other provision of the Settlement Agreement. Each provision of this Settlement Agreement shall be valid or enforceable to the fullest extent permitted by, and shall be construed where and whenever possible as being consistent with, applicable law.

27.     **Modifications.** This Settlement Agreement shall not be amended, waived, or modified morally. The terms of this Settlement Agreement shall only be amended, waived, or modified in writing and signed by authorized representatives of all Parties.

28.     **Copies and Counterparts.** This Settlement Agreement may be signed in counterparts, and together all of the signature pages will constitute one instrument. Copies of signatures shall be just as valid as originals, but OpenWorks is entitled to keep the original signatures of the Opt-In Plaintiffs.

IN WITNESS WHEREOF, the Parties have entered into this FINAL COLLECTIVE ACTION SETTLEMENT AGREEMENT as of the date and day set forth above.

| **OPT-IN PLAINTIFFS** | | **O.P.E.N. AMERICAN INC. D/B/A OPENWORKS** | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Wanda Strauss | Date | Bryan McMahon<br>Chief Financial Officer | Date |
| _____ | _____ | | |
| Mohamed Muney Mohamed | Date | | |
| _____ | _____ | | |
| Debra Morrett | Date | | |
| _____ | _____ | | |
| Ojo Yesuto | Date | | |
| _____ | _____ | | |
| Mohamoud Ali | Date | | |
| _____ | _____ | | |
| Maureen Gaughan,<br>Chapter 7 Trustee for the<br>Bankruptcy Estate of Marco<br>Guererro | Date | | |

4816-2720-9926.10                    14